IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MARTY THOMAS,
  Plaintiff (pROSE),

COMPLAINT NO. _____
42 U.S.C. §1983

vs.

CORE CIVIC INC;

JURY TRIAL DEMANDED

WARDEN, RUSSELL WASHBURN;

TDOC CONTRACT MONITOR, CHRIS BRUN;

CHIEF OF SECURITY, RUBENARD RISPER;

CHIEF OF UNIT MANAGEMENT, SHANE COSBY;

CORECIVIC CORRECTIONAL ADMINISTRATOR, JOHN FISHER;

UNIT MANAGER, MS. PERKINS; SERGEANT MCCARTY;

SERGEANT, DAVIS; OFFICER, RODRIGUEZ; OFFICER, Holley;

UNKNOWN, FEMALE OFFICER; SEVERAL UNKNOWN, CAPTAINS;

SEVERAL UNKNOWN, LIEUTENANTS; SEVERAL, UNKNOWN MEDICAL PERSONNEL, et.al;

    INDIVIDUALLY AND IN THEIR
      OFFICIAL CAPACITIES.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

The plaintiff, Marty Thomas TDOC No. 331672, is a prisoner in the Tennessee Department of corrections proceeding as a prose indigent inmate. The plaintiff brings this pro se action pursuant to 42 U.S.C. §1983 et. seq. against all Defendants named. The plaintiff is suing all defendants in their individual and official capacities. The plaintiff seeks money damages for relief, alleging that the defendants were deliberate indifference and violated plaintiff's rights under the Eigth Amendment and Fourteenth Amendment to the United States Constitution. plaintiff's claims are based on the denial of protection, the failure to protect, and cruel and unusal punishment, and inadequate/denial of medical care.

## I. JURISDICTION & VENUE.

1. This is a civil action authorized by 42.U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the united states. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks money damages, and seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injuction relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil procedure.

2. The united states District court for the middle District of Tennessee at Nashville is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim(s) occurred. And plaintiff has not filed any previous Lawsuits in state or Federal courts regarding to his claims.

## II. PLAINTIFF.

3. Plaintiff, Marty Thomas, TDOC# 331692 was at all times mentioned herein a prisoner of the State of Tennessee in the custody of the Tennessee Department of Corrections confined at the Trousdale Turner Correctional Center at 140 Macon Way Hartsville, Tennessee 37074. A private prison operated by Core Civic Inc. who contracts with the state of Tennessee to house/confine state inmates. The plaintiff is currently confined at the Trousdale Turner Correctional Center.

## III. DEFENDANTS.

4. Defendant Russell Washburn is the warden of Trousdale Turner Correctional Center. He is legally responsible for the daily operations of the Trousdale Turner Correctional Center and the welfare of all the inmates of that prison.

5. Core Civic Inc, dendant is a private Corporation/company who contracts with the state of Tennessee pursuant to the private prison Contracting Act of 1986 Tennessee code annotated sections 41-24-101 et seq, and are responsible for any operation

2

of Trousdale Turner Correctional Center, and responsible for the welfare of all inmates in that prison. And responsible for providing the erection of safe and comfortable prison, the inspection of the prison, and humane treatment of prisoners in the Trousdale Turner Correctional Center. See Tennessee Constitution Article I, section 32. Core Civic Inc, is responsible for making policies to provide for safe and humane prison conditions at Trousdale Turner Correctional Center.

6. Defendant Chris Brun, is the Tennessee Department of Corrections contract moniter. He is legally responsible for over-seeing the daily operations of Core Civic Inc, at the Trousdale Turner Correctional Center and seeing that Core Civic and Trousdale Turner Correctional Center provides safe prison and humane treatment of all inmates in that prison. He is legally responsible for seeing that Core Civic and Trousdale Turner Correctional Center operates its prison to the standards of TDOC policy and state law.

7. Defendant Rubenard Risper is the chief of Security at the Trousdale Turner Correctional Center and is legally responsible for daily security concerns at that prison, and legally responsible for the welfare of all inmates at Trousdale Turner Correctional Center.

8. Defendant Shane Cosby is the chief of unit management. He is legally responsible for the security and welfare of every inmate in every unit/pod at Trousdale Turner Correctional Center.

9. Defendant John Fisher is the Core Civic Correctional Administrator of the Trousdale Turner Correctional Center and is responsible for the daily operations of Core Civic at Trousdale Turner Correctional Center and is responsible for the daily operations at that prison, and for providing safe and humane prison conditions, making adequate policies, and ensuring Trousdale Turner Correctional Center follows TDOC policy, state and federal law.

10. Defendant Unit Manager Perkins is a Unit Manager at the Trousdale Turner Correctional Center and is legally responsible for the safety and welfare of every inmate assigned to her unit in which she manages.

11. Sergeant McCarty is a Sergeant at the Trousdale Turner Correctional Center and is legally responsible for providing adequate security and protection, and responsible for the welfare and safety of all inmates at Trousdale Turner Correctional Center during

12. Defendant Sergeant Davis is a sergeant at the Trousdale Turner Correctional Center and is legally responsible for providing adequate security and protection and responsible for the welfare and safety of all inmates at Trousdale Turner Correctional Center during his 12 hours shift.

13. Defendant Rodriguez is a correctional officer at the Trousdale Turner Correctional Center and is legally responsible for monitoring inmates, providing security, and providing proper and adequate protection to all inmates at the Trousdale Turner Correctional Center during her 12 hours shift.

14. Defendant officer Holley is a correctional officer at the Trousdale Turner Correctional Center and is legally responsible for monitoring inmates, providing security, and providing proper and adequate protection to all inmates at Trousdale Turner Correctional Center during her 12 hours shift.

15. The Several unknown Lieutenants are legally responsible for the daily operations at Trousdale Turner Correctional Center during their 12 hours shift and legally responsible for the welfare and safety of all inmates at that prison on their shift.

16. The unknown medical personnel defendants are legally responsible for providing adequate medical attention and properly responding and reporting emergencies inmates report at the Trousdale Turner Correctional Center.

## IV. FACTS GIVING RISE TO THIS COMPLAINT.

17. The plaintiff Marty Thomas TDOC# 331672 was at all times relevant herein an inmate at the Trousdale Turner Correctional Center located at 140 Macon Way Hartsville, Tennessee 37074 housed in Building C known as Charlie pod/unit A-cell 224 and/or A Building known as Alfa pod/unit A-Cell 232.

18. On August 11, 2019, 4 to 5 gang members names unknown came to plaintiff's Inmate Marty Thomas #331672 & Inmate Steven Oatsvall #4952 Cell in Building C pod/unit A-Cell 224 & was saying Inmate Oatsvall told on their homie & pulled a homemade knife & held it to Inmate Oatsvall's throat. I in an attempt to help Inmate Oatsvall a 62-year-old man. I spoke up & said, "Guys he's not told on anyone for anything." At that point two of them turned pushed me up against the cell's little table, hitting me in the left eye & forehead putting

two (2) homemade knives to my throat saying, "For you, we know who you are, we know about your ass being beat out and ganged at Whiteville and all about you getting beat/ganged at Northwest. You were told not come here in the 1st place." They proceeded to tell me, "We know about you killing Kenneth Brooks on the streets and what do you think his brother hood would do if we told them who you are and where you're at." Kenneth Brooks was a gang member who was the original suspect in my criminal case who was found dead after the police question him. This has followed me at every prison in West Tennessee starting at the Whiteville Correctional Facility in 2003, and the Northwest Correctional Complex Sites 1 & 2 in 2018. All 3 prisons where attempts were made on my life. These gang members then took my GPX radio, headphones, & Courtline Boots. When they demanded more money to keep quiet about me & more money from Inmate Oatsvall. Myself & Mr. Oatsvall told them, "We have no money." They replied, "You're sitting on a gold mine. Sale that Ass." Then made the statement, "or you can die." These gang members specifically told me about being ganged & beat at Whiteville Correctional Facility in 2003 & at Northwest Correctional Complex Site 1 & being stabbed in October 2018 at Site 2. They even named the Lt. Able who investigated some of the incident when it to place. When all these events took place on 8/11/2019 by these gang members at Trousdale Turner Correctional Center, they all had homemade butcher knives. As a result I had a swollen left eye & my back was injured & has a knot on my lower back and hurts extremely bad. The pain level on a scale of 1 to 10 is a ten on most days.

19. On 8/11/2019, when the officers working C building in CA pod/unit came around to my cell CA-224 at approx for 2nd count on 2nd shift, plaintiff, Inmate Marty Thomas #331672 & plaintiff's cell-mate Inmate Steven Oatsvall #4952 personally told the officer working the unit and female officer Rodriguez that we both needed & requested protective custody. No one never came to speak with plaintiff Thomas #331672 or Inmate Oatsvall #4952. About this serious issue. No Lt, captain, warden, unit manager. Plaintiff's complaints & request were ignored.

20. On 8/11/2019 & 8/12/2019 on 2nd shift plaintiff Thomas & Inmate Oatsvall spoke with the officer working CA pod/unit. Officer Lewis and told him what was going on. Officer Lewis said he'd inform the sergeant. On 8/12/2019 at approx 9pm. Plaintiff still hadn't spoke

21. In addition, plaintiff Thomas #331672 pushed his cell's emergency button multiple times from 8/11/2019 until approx 9 p.m on 8/12/2019 informing who ever answered what was happening and that plaintiff Thomas #331672 & Inmate Oatsvall #4952 needed to speak with the Lt, or Captain about protective custody. In which plaintiff's complaints & request were ignored. However, plaintiff Thomas did on 8/12/2019 at approx 4pm count tell sergeant McCarty that plaintiff Thomas & Inmate Oatsvall had been requesting protective custody and explained why. She responded, "First I've heard about it. Let me talk to somebody and I'll let you know."

22. Then on 8/12/2019, when officer Lewis came around for the 9pm count, both plaintiff Thomas #331672 & Inmate Oatsvall #4952 asked officer Lewis for 2 grievance forms to file an emergency grievance. And, again plaintiff Thomas & Inmate Oatsvall requested protective custody. Officer Lewis informed plaintiff Thomas #331672 & Inmate Oatsvall #4952, that the Sergeant & Lt. said, "protective custody was filled to the brim." And said he'd talk to the sergeant & see if she'd come to talk to plaintiff Thomas & Inmate Oatsvall.

23. Then on 8/12/2019 at approx. 9:15 pm during count Sergeant McCarty informed plaintiff Thomas #331672 & Inmate Steven Oatsvall #4952, that she talked to the captain and said, "Segregation is full that they would try & clean some people out of segregation & move plaintiff Thomas & Inmate Oatsvall over there on 8/13/2019." "That for now you'll be locked down in your cell. That is the safest place for you. Tell the officer not to open your door. You'll need to do a 5IC statement." In which plaintiff never received until 8/23/2019. Plaintiff Thomas asked sergeant McCarty about an emergency grievance. She responded, "I don't know how the grievance process works here at TTCC." Sergeant McCarty tried to assist the plaintiff in this matter to no prevail as she needed the assistance of a higher official. However, plaintiff being left in his cell in the pod/unit where he was violently assaulted and robbed at knife point was not by any means safe nor adequate to protect plaintiff from being assaulted again at the hands of gang members. For example, On 8/12/2019, even after informing the female officer working plaintiff's unit CA that both plaintiff and Inmate Oatsvall had requested protective custody. Plaintiff's cell door was continuously opened by the other & plaintiff Thomas & Inmate Oatsvall would jump up & shut the door.

24. Simply put, Plaintiff Marty Thomas #331672 is not safe any where at the Trousdale Turner Correctional Center or any Core Civic Inc. facility, or West Tennessee prison for all the reasons stated herein. Plaintiff Thomas & Inmate Oatsvall has been told plaintiff can be got to any where at the Trousdale Turner Correctional Center or any Core Civic or West Tennessee Facility. Attempts on Inmate/plaintiff Thomas #331672 life have occurred at the Whiteville Correctional Facility in 2003, in which plaintiff was transferred to Northeast Correctional Complex from Nov. 2003 until Jan. 2018. Then plaintiff Thomas was ganged and beat at Northwest Correctional Complex Site 1 & stabbed at Site 2 in Oct. 2018, & now has been assaulted at the Trousdale Turner Correctional Center.

25. At any rate, Core Civic Inc. & Trousdale Turner Correctional Center defendants, their agents, servants, and employees at all times pertinent to the situations in this complaint, have breached and/or is breaching the duty of care they owe/owed plaintiff Thomas #331672 as a TDOC state inmate. Plaintiff Thomas has been and/or is incarcerated under conditions posing a substantial risk of serious harm, deprived plaintiff of the minimal civilized measures of life's necessities. For example, plaintiff Thomas #331672 & Inmate Oatsvall have been denied the adequate protection from 8/11/2019 to 8/23/2019, were denied showers from approx. 8/11/2019 until approx 8/25/2019, was denied food from 8/11/2019 until approx 8:10 am on 8/13/2019.

26. On 8/13/2019, plaintiff Thomas #331672 received a note under my cell door CA-224 at approx 6-6:15pm making sexual threats toward plaintiff Thomas & Inmate Oatsvall #4952. The note reads, "you and that punk ass boy of yours had better check those worn out assholes in before them worn out assholes get checked out and I mean right fucking now!!!". On 8/13/2019 at approx between the 2nd count on 2nd shift, or at count time approx 8:45 - 9:pm count, when officer Lewis who was working CA pod/unit & he came around checking cell doors, plaintiff Thomas showed him this note & told him it was a prea issue & that plaintiff Thomas & Inmate Oatsvall requested to speak with the captain. Officer Lewis stated he'd tell them. At that point, an unknown name Lt. came to back up officer Lewis counting & checking doors with an unknown name female officer. Plaintiff Thomas asked him if he was captain, or shift supervisor & he said, "no". Plaintiff Thomas asked to speak to shift supervisor/captain & proceeded to tell them his situation & that he'd been requesting protective custody-

since Sunday 8/11/2019 and explained why, and that plaintiff Thomas & Inmate Oatsvall were receiving threating sexual notes that are a PREA issue & plaintiff Thomas #331622 showed them the note he got under his cell door on 8/13/2019 at approx 6-6:15 pm. Both the Lt. & female officer said, "Get with unit manager Perkins in the morning, there's another one scared to be here, that's why we're checking doors." After this plaintiff Thomas cell-mate Steven Oatsvall #4952 pushed their cell's emergency button & told the person who answered "we have a PREA Issue", & she never responded back. Plaintiff Thomas showed this note to officer Lewis & tried reporting it everyday. Then on 8/15/2019, plaintiff Thomas was able to give the note to Sergeant Ross. She reported it & gave it to Unit manager Perkins.

27. On 8/17/2019 at approx 8-8:30pm. plaintiff Thomas received under his cell door CH 224 a 2nd threating note saying, "Pie man look you 2 whores snitching Bitches and gang killer cannt hide forever your buddy Lewis want be tomorrow will be coming for them ass holes. This shit aint no games punks should got gone punks!!! see who cares." Then on 8/23/2019 at approx. 3am. plaintiff Thomas cell-mate Steven Oatsvall #4952 was cleaning their cell & found a 3rd note saying, "Look we know you are paying these niggers money you gonna pay me 100 bucks by e Friday noon are we going to make a real example of U. 2 whores. Dont try pc we can get you nigger lovers any where in west Tennessee Be watchen whores." Plaintiff's complaints fell on Deaf ears from 8/11/2019 until 8/23/2019.

28 In the present complaint/case, the Defendants who plaintiff Thomas #331672 reported and/or tried reporting these sexual threats/harassment to failed to properly & adequately respond and/or failed to resonably respond to said threats/harassment. Thus, violating the prison Rape Elimination Act of 2003, 42 U.S.C. Section 15601. Plaintiff's reports/complaints fail on deaf ears from 8/11/2019 until 8/23/2019, when an outside agency was contacted & then contacted Core Civic Inc., and/or Trousdale Turner Correctional Center. Although, Trousdale Turner Correctional Center's Facilities Investigator Ms. Nelson on 8/19/2019 came to speak with plaintiff Thomas. No actions were taken to move plaintiff to protective custody. Instead, It was not until Mr. Steven Ayers the son of Inmate Steven Oatsvall #4952, called the Trousdale Turner Correctional Center & an outside agency on plaintiff Thomas & Inmate Oatsvall's behalf for help were plaintiff Thomas & Inmate Oatsvall taken one at-

a time to Building C's pod/unit A's office by unit manager Perkins where I spoke by speaker phone to an individual who acted very professional & identified herself as unit manager Ms. Smith. I described the events from 8/11/2019 to 8/23/2019. This meeting by phone with Ms. Smith took place during 10:AM count time. Then on 8/23/2019 at approx 4:25pm Plaintiff Thomas #331672 & Inmate Oatsvall were taken from CA-224 to medical by Ms. Perkins to have an anatominicall. Plaintiff Thomas & Inmate Oatsvall were placed in waiting room A. That room was extremely dirty, trash all around the room & the restroom was extremely nasty with human fecese all over the restroom floor/wall/sink/toliet & smelled so bad you had to hold your breath. Plaintiff Thomas #331672 & Inmate Oatsvall were forced to eat supper in these nasty conditions. Then after plaintiff Thomas & Inmate Oatsvall ate. On 8/23/2019 at approx 6-6:15 pm. Unit manager Perkins took plaintiff Thomas & Inmate Oatsvall #4952 from medical's waiting room A to Building A-pod/unit A cell 232 pending protective custody investigation.

29. For exercising plaintiff's constitutional rights to be protected and requesting protective custody. Plaintiff was in unsanitary inhumane conditions as stated above, and placed in a cell that was extremely nasty, smelled like hot human urine with urine on the walls, the toliet still smells, and there was no air in the cell from 8/23/2019 until 9/5/2019. And the cell for all purposes is a punitive cell meant for punishment purposes. There's no table, no chairs or stools, the overhead light burns 24/7, Plaintiff Thomas isn't allowed to order food items from commissary. Thus, for exercising his constitutionally protected right to personal safety. In addition, plaintiff's food trays for the whole week of September 1st and the week of August on the days of 8/27/2019, 8/29/2019 & 8/31/2019 was cold. In addition, plaintiff has been denied any cleaning supplies to clean his cell since 8/23/2019 to 9/1/2019.

30. As a result of the assault on plaintiff Thomas #331672, Plaintiff received & still suffers from a back injury that was received during the 8/11/2019 assault. Plaintiff has continued requested medical attention to no prevail. Plaintiff requested medical attention on 8/13/2019, 8/15/2019, 8/19/2019, and then on 9/4/2019. And never was seen. On 9/4/2019 Plaintiff Thomas personally handed the nurse in A/A unit/pod a sick call request approx after breakfast but before lunch time

IV. LEGAL CLAIMS.

1. Defendants are jointly and severely liable to plaintiff for all injuries and physical damage suffered and substained by the plaintiff that were proximately caused by the defendants' negligence and deliberate indifference.

2. That the numerous negligence and deliberate indifference acts of defendants constituted gross and willful negligence and manifest a reckless, deliberate and wanton indifference to the value of human life.

3. The defendants were aware of a "substantial risk" of serious harm to the plaintiff's safety, but failed to take reasonable action to protect plaintiff from it.

4. That in the case subjudice prison officials at the Trousdale Turner Correctional Center and Core Civic Inc, are liable under the Eighth (8) and Fourteenth (14) Amendments for denying humane condition of confinement when they knew that plaintiff faced a substantial risk of serious harm of being assaulted, raped, or killed, and they failed to take reasonable measures to remedy the situation.

5. That there was a "sufficently serious" deprivation of protection to the plaintiff by defendants, and that defendants acted with a "sufficiently culpable state of mind."

6. That the plaintiff was denied the minimal civilized measures of life's necessities by the defendants, and such deprivations were sufficiently grave to form the basis of an Eighth (8) Amendment violation for failure to protect plaintiff.

7. That the defendants have engaged in acts and failures to act which constitute intentional infliction of emotional distress upon plaintiff.

8. That plaintiff Thomas #331672 was deprived of his rights to be adequately protected, and deprived of his right to be free from infliction of severe pain, severe emotional distress and mental anguish, and torture, for the negligentce deliberate indifference acts and omissions of the defendants.

9. That as a direct and proximate result of these acts complained of herein, plaintiff suffers anxiety, fear, distrust, loss of self-esteem, and discord with others. plaintiff Thomas has additionally suffered mental and motional distress as a direct results of the

10. That the defendants deliberate indifference to plaintiff's safety and well being constitutes little to no regards for human life.

11. That the acts of defendants herein complained of and their failure to reasonably act constitutes outrages conduct towards the plaintiff Thomas #331612, and constitutes little or no regard to human life [or] the safety of the plaintiff.

12. That the treatment of the plaintiff by the defendants amounts to brutality equivalent of torture, and is offensive to any modern standard of human dignity.

13. That there is a substantial risk of serious harm in Core Civic Inc, and Trousdale Turner Correctional Center Facilities. That through present day, inmates in general population in a Core Civic Inc., and Trousdale Turner Correctional Center have been and continue to be exposed to a substantial risk of serious inmate-on-inmate violence. This substantial risk of serious harm has several causes. (1) Core Civic Inc; and Trousdale Turner correctional center do not segregate dangerous inmates from vulnerable inmates, or from each other. Members of rival gangs are housed in the same units and forced to eat, shower, and exercise together with non-gang afiliated inmates. Inmates who threaten or even attack other inmates are not isolated or properly disciplined. (2) Core Civic Inc, and Trousdale Turner correctional center is grossly understaffed. There is only one correctional officer on duty to supervise and control the 120 or more inmates in a unit. Core Civic Inc, & Trousdale Turner Correctional Center do not provide for adequate staff, and they do not properly, adequately train the officers whom they hire to supervise inmates living areas/units, discipline inmates who misbehave, or properly/adequately, or sufficiently respond to emergencies like inmate-on-inmate assaults, or request for protective custody. (3) Core Civic Inc, and Trousdale Turner Correctional Center have failed to implement adequate weapon control polices. They do not regularly search inmates and their cells for shanks (homemade knives) and other weapons. As a result inmates in Core Civic Inc, and Trousdale Turner correctional center have been able to threaten and assault other inmates with such weapons including plaintiff Thomas who was assaulted on 8/11 2019. (4) Core Civic Inc, and Trousdale Turner Correctional Center have and continue to act with deliberate in-

as December 27th 2018, had actual knowledge of the substantial risk of serious harm to inmates at the Trousdale Turner Correctional Center. They knew about both the security problems described above and the resulting risk to inmates safety. This risk was and is longstanding, pervasive, and apparent to any knowledgeable observer. Including Channel 4 News in Nashville, Tennessee. (5) As a result of the substantial risk of serious harm in Core Civic Inc, and Trousdale Turner Correctional Center, numerous inmates including plaintiff Marty Thomas #331672 have suffered serious assaults in the general population. (6) Core Civic Inc, and Trousdale Turner Correctional Center defendants acted and continues to act with deliberate indifference by engaging in a policy, custom and practice of inadequately funding & training employees. (7) Core Civic Inc, and Trousdale Turner Correctional Center defendants failed and continues to fail to take the reasonable measures to abate the substantial risk of inmate-on-inmate violence in Core Civic Inc, and Trousdale Turner Correctional Center. (8) As a result of their deliberate indifference, plaintiff Thomas #331672 was a victim of an inmate-on-inmate assault and robbery on 8/11/2019 in which plaintiff substained an on going back injury.

14. That despite the series of the on going occurrences and incidents described above, inmate safety in Core Civic Inc, and Trousdale Turner Correctional Center has not improved. Defendants have not improved procedures for segregating dangerous inmates. In fact, on 8/20/2019 until 9/7/2019, Trousdale Turner Correctional Center was on lockdown. Core Civic and Trousdale Turner Correctional Center defendants have failed to increase staffing or improve the training of their employees. They have failed to improve their weapon control policies.

15. That as a result of these failures, and the threats made to plaintiff Thomas life as described in this complaint, plaintiff continues to fear for his safety in a Core Civic Inc, and Trousdale Turner Correctional Center. In addition, due to Core Civic Inc, and Trousdale Turner Correctional Centers defendants' hatred, hostility and harrendous attitude toward protective custody inmates. plaintiff Thomas fears for his life and safety at a Core Civic Inc, facility and at Trousdale Turner Correctional Center as a protective custody inmate, and the

Case 3:19-cv-00817 Document 1 Filed 09/16/19 Page 12 of 18 PageID #: 12

12

Trousdale Turner Correctional Center defendants.

16. The acts and omission described herein violated/violates the plaintiff's Marty Thomas #331672 rights under the constitution and laws of the united states. This action by Core Civic Inc, and Trousdale Turner Correction Center defendants, their employees was/is clearly a grossly inadequate and unconstitutional response to plaintiff's safety and protection. It is likely that as long as plaintiff Thomas incarcerated in a Core Civic Inc, and Trousdale Turner Correctional Center, that defendants will continue act with deliberate indifference and violate plaintiff rights.

## VI EXHAUSTION OF LEGAL REMEDIES.

Plaintiff Thomas was denied a meaningful opportunity to raise/present his claims in a meritorious grievance. prison officials denied the plaintiff a proper grievance form, thus failing and denying to provide plaintiff a meaningful and timely opportunity to raise his claims. In addition, plaintiff was prevented by circumstances out of his control to process and submit a grievance. Officer Lewis at Trousdale Turner Correctional center tried multiple times to get plaintiff a grievance form. Thus, even calling other units/buildings and told none were available. Sergeant McCarty tried and could not find plaintiff a grievance form. And, plaintiff Thomas #331672 on 8/15/2019 tried submitting a grievance to the Grievance chairperson Sgt. L. Cockrell and she refused it because it was wrote on a copy of a grievance form and not a Carbon copy. When plaintiff explained that was the only available grievance form provided to me. She shook her head and said I'll bring you one and then walked away from my cell door and never came back. Then on 8/14/2019 plaintiff filed a Petition for Declaratory order with the TDOC commissioner Parker presenting my claims, then on 8/16/2019, plaintiff wrote a Statement of Being Assaulted and PREA Complaint and Request for protective custody and mailed that statement to warden Washburn, then the plaintiff on 8/22/2019 wrote a complaint and/or letter for help to the Tennessee Attorney General presenting Plaintiff's issues/claims. Then on 8/23/2019 plaintiff wrote to the TTCC prison officials & Building C's Management a Request For protective custody and/or a transfer from TTCC & Building C to a

TDOC Facility, and presenting my issues/claims. Then on 8/30/2019 plaintiff Marty Thomas #331672 mailed to Warden Washburn A Good Faith Notice That A 42 U.S.C. Complaint was Being Filed setting out the grounds/claim for the complaint. Then on 9/4/2019 plaintiff wrote a Statement of Being Assaulted & Notice of potential Harm & Request For protective custody & Be Transferred To TDOC Facility, and mailed that statement/request to the Trousdale Turner Correctional Centers Classification Coordinator Stacey Williamson. In addition, plaintiff sent Defendant Chris Brun an exact copy of the petition for Declaratory order that plaintiff filed with TDOC Commissioner Tony Parker on 8/11/2019. Where prison officials themselves prevent a prisoner from complying with the grievance procedural requirements, the procedural default rule established by Woodford v. Ngo, 548. U.S. 81 (2006) is inapplicable. Unjustified acts of defendants and prison conditions prevented plaintiff's ability to present his claims in a grievance. Plaintiff due to safety concerns has been locked down in his cell basically since 8/11/2019 except for the short period of time he was taken to medical and to AA unit. Thus, has to rely on prison officials to bring him a grievance. In which they've continueiously refused and/or failed to do.

## VII. PRAYER FOR RELIEF:

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

(a) That the defendants be required to answer this complaint within the time required by law.

(b) A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

(c) A preliminary and permanent injunction ordering defendants Core Civic Inc, Warden Russell Washburn, Chris Brun to halt their unconstitutional customs, practice and policies in ignoring request for protective custody, that plaintiff not be harmed anymore and protected, and that plaintiff Marty Thomas #331672 permanently be transferred from the custody of Core Civic Inc, and the Trousdale Turner Correctional center, and from the custody of

(d) That the plaintiff be awarded compensation damages in the amount of $10,000 against each defendant jointly and severally.

(e) That plaintiff be awarded punitive damages in the amount of $20,000 against each defendant.

(f) A jury trial on all issues triable by jury.

(g) Plaintiff's cost in this suit.

(h) Any additional relief this court deems just, proper, and equitable.

IT IS SO PRAYED.

Respectfully submitted,

Marty Thomas #331672

Petitioner (PRO SE).

Date: 9/12/2019.

VERIFICATION UNDER PENALTY OF PERJURY.

I, Marty Thomas, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on this the 12th day of September 2019, at Trousdale County, Hartsville, Tennessee.

Marty Thomas #331612

Marty Thomas (pro se)

TTCC 140 Macon Way

Hartsville, TN 37074.

Case 3:19-cv-00817   Document 1   Filed 09/16/19   Page 15 of 18 PageID #: 15

15

Marty Thomas #331672
TTCC 140 Maycon Way
Hartsville, TN 37074

RECEIVED
SEP 16 2019
US DISTRICT COURT
MID DIST TENN

U.S. Dist. Court Clerk
801 Broadway, Room 800
Nashville, TN 37203

September 12, 2019

To Whom it may Concern:

    Please find enclosed a 42 U.S.C. § 1983 Complaint, motion proceed in forma pauperis, motion for preliminary injunction & memorandum of law.

    I'd respectfully ask the clerk to please file them immediately. Especially the motion for preliminary injunction as it's a matter of life and death for myself Marty Thomas & Inmate Steven Gatsvall #4952. And the U.S. District Court and Honorable Judge is my only available remedy in which my life is in harms way.

    I'd respectfully ask if you'd notify me immediately upon you receiving this request & my documents please.

    THANK YOU FOR YOUR TIME & ATTENTION TO THIS MATTER

Respectfully submitted & requested,
Marty Thomas

      

MARTY THOMAS #331672
140 MACON WAY
HARTSVILLE TN
37074

RECEIVED
SEP 16 2019
U.S. District Court
Middle District of TN

U.S. DISTRICT COURT CLERK
801 BROADWAY
ROOM 800
NASHVILLE, TN
37203

LEGAL MAIL

LEGAL MAIL

LEGAL
MAIL

SEP 1 3 20..

THE DEPARTMENT OF CORRECTION
TTCC HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS

LEGAL
MAIL