UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTY THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>CORE CIVIC, INC., et al.,<br><br>    Defendants. | Case No. 3:19-cv-00817<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Pro se and *in forma pauperis* Plaintiff Marty Thomas alleges that he is being denied protective custody at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, even though gang members also incarcerated in that facility are making threats on his life. (Doc. No. 1.) Thomas's complaint asserts claims under 42 U.S.C. § 1983 for deliberate indifference to his safety and medical needs in violation of the Eighth Amendment and names as defendants Core Civic, TTCC Warden Russell Washburn, Tennessee Department of Correction (TDOC) Contract Monitor Chris Brun, Chief of Security Rubenard Risper, Chief of Unit Management Shane Cosby, Core Civic Correctional Administrator John Fisher, Perkins, McCarty, Sergeant Davis, Officer Rodriguez, Officer Holly, and several unknown correctional and medical personnel. (*Id.*) Thomas seeks $30,000.00 from each defendant and declaratory and injunctive relief. (*Id.*) In screening Thomas's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2), the Court dismissed all defendants except Core Civic, Inc., Unit Manager Perkins, Sergeant McCarty, and Officer Rodriguez. (Doc.

No. 11.) Those defendants have not been served, and there is no indication that they have received notice of Thomas's motion.

Thomas also filed a motion for a preliminary injunction, requesting, among other things, transfer to a different prison. (Doc. No. 3.) Because an injunction cannot be entered on an ex parte basis, the Court must defer ruling on Thomas's motion until the defendants have appeared in the action. To the extent Thomas intended to move for an ex parte temporary restraining order, he has failed to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1) and Local Rule 65.01(c). The Magistrate Judge will recommend that Thomas's motion (Doc. No. 3) be denied without prejudice.

## I. Factual and Procedural Background

The Court thoroughly summarized the allegations of Thomas's complaint in its screening order (Doc. No. 10). Those allegation are taken as true and will be recounted only briefly here.

Before his confinement at the TTCC, Thomas was incarcerated at the Whiteville Correctional Facility and the Northwest Correctional Complex. (Doc. No. 1.) Gangs at those facilities made attempts on Thomas's life, believing that Thomas killed a gang member before he was imprisoned. (*Id.*) On August 11, 2019, several gang members entered Thomas's TTCC cell and threatened his cellmate, Steven Oatsvall, with knives. (*Id.*) When Thomas spoke up in Oatsvall's defense, the gang turned on Thomas, holding the knives to his throat and warning him that they knew about the gang member Thomas had killed. (*Id.*) The gang demanded money from Thomas and Oatsvall and threatened to kill them if they did not pay it. (*Id.*) The gang suggested that Thomas and Oatsvall prostitute themselves to make the money. (*Id.*) The incident left Thomas with a back injury and a swollen left eye. (*Id.*)

Between August 11, 2019, and August 23, 2019, Thomas and Oatsvall repeatedly and unsuccessfully sought placement in protective custody, making requests to Officer Rodriguez,

Sergeant McCarty, and Unit Manager Perkins. (*Id.*) During that time, Thomas and Oatsvall received three anonymous notes demanding money and threatening them with rape. (*Id.*) On August 23, 2019, after Oatsvall's son contacted the TTCC, an outside agency began a protective custody investigation. (*Id.*) Thomas and Oatsvall received medical examinations and were moved to a separate building within the TTCC pending conclusion of the investigation. (*Id.*) "[D]ue to safety concerns[,]" Thomas was locked down in his cell. (*Id.* at PageID# 14.) He continues to fear for his life and believes that he is not safe at any facility run by Core Civic, which manages the TTCC. (Doc. No. 1.)

Thomas's motion for a preliminary and permanent injunction alleges that he was denied protective custody on September 11, 2019, and that the defendants continue to "ignore the serious risk of potential harm [to him,] which includes assault, rape, and death[.]" (Doc. No. 4, PageID# 26.) Among other things, Thomas seeks a transfer to a "TDOC state[-]r[u]n facility where [he] will be safe[.]" (Doc. No. 3, PageID# 23.) On September 16, 2019, Thomas filed a letter addressed to the Clerk of Court, in which he states that he continues to be denied protective custody and that Officer Wilson "slid a threatening note from another inmate or himself under [Thomas's] cell door." (Doc. No. 7, PageID# 34.) Thomas states that his "life is in immediate danger" and requests that his "motion for injunction [be] heard immediately." (*Id.* at PageID# 34.)

The Court screened Thomas's complaint under §§ 1915A and 1915(e)(2) and found that Thomas's complaint states colorable Eighth Amendment failure-to-protect claims against Perkins, McCarty, and Rodriguez in their individual capacities, and against Core Civic; all other claims were dismissed without prejudice. (Doc. No. 11.) The Court instructed Thomas to complete service packets for Core Civic, Perkins, McCarty, and Rodriguez and return them to the Clerk's Office by November 18, 2019. (*Id.*) The Court also referred this action to the Magistrate Judge to dispose or

3

recommend disposition of pretrial motions, including Thomas's motion for injunctive relief. (*Id.*) Summonses issued for Core Civic, Perkins, McCarty, and Rodriguez on November 15, 2019. (Doc. No. 12.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Fed. R. Civ. P. 65. Under Rule 65(a)(1), the Court can "issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "[T]he notice requirement of Rule 65(a)(1) . . . 'implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.'" *Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 484 (6th Cir. 2002) (quoting *Williams v. McKeithen,* 939 F.2d 1100, 1105 (5th Cir. 1991)); *see also Carpenters' Dist. Council v. Cicci*, 261 F.2d 5, 8 (6th Cir. 1958) (Rule 65 "contemplates that the issuance of a preliminary injunction shall be upon notice to the adverse party and after a hearing"). However, "a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007). Similarly, an evidentiary hearing is required before issuance of a permanent injunction unless there are no factual disputes remaining for trial. *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010).

> The Court may issue a temporary restraining order (TRO) on an ex parte basis if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B); *see also First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (explaining that "[t]he only type of injunctive relief that a district court may issue

4

ex parte is a temporary restraining order"). This Court's Local Rule 65.01(c) emphasizes that a "motion for a TRO must be made in strict compliance with Rule 65 of the *Federal Rules of Civil Procedure*" and adds that, when the movant is pro se, he "must certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required." M.D. Tenn. R. 65.01(c).

The strict rules governing ex parte temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). An ex parte temporary restraining order is thus "an extraordinary remedy" that will only be granted "upon a compelling showing[.]" *Smith v. Thompson*, 638 F. Supp. 2d 754, 757 (E.D. Ky. 2009). When issued, an ex parte temporary restraining order "should be limited to preserving the status quo only for so long as is necessary to hold a hearing." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650.

**III.     Analysis**

Thomas's motion for a preliminary or permanent injunction is premature. No defendant has been served and, although the certificate of service attached to Thomas's motion states that it was provided to Warden Russell Washburn (Doc. No. 3), Thomas's claims against Washburn have been dismissed. There is no indication that the other defendants received the motion. Nor has Thomas shown that the Court should issue an ex parte TRO. Thomas has not certified in writing any efforts he has made to notify the defendants that he is seeking a TRO. As reflected by Local Rule 65.01(c), that requirement applies equally to pro se plaintiffs and to represented parties' counsel. *See* M.D. Tenn. R. 65.01(c) (Fed. R. Civ. P. 65); *see also Whipple v. Tenn. Bd. of Paroles*, No. 1:17-cv-148, 2018 WL 1387066, at *10 (E.D. Tenn. Mar. 19, 2018), *aff'd*, No. 18-5390, 2019 WL 1804845 (6th Cir. Jan. 3, 2019); *Turner v. Clelland*, No. 1:15CV947, 2016 WL 1069665, at

5

*3 (M.D.N.C. Mar. 16, 2016) (collecting cases). Because Thomas has not complied with Rule 65(b)(1) or Local Rule 65.01(c), his motion for an ex parte restraining order should be denied. *See King v. CoreCivic*, No. 19-1202, 2019 WL 5424424, at *4 (W.D. Tenn. Oct. 22, 2019) (denying incarcerated plaintiff's request for an ex parte temporary restraining order where plaintiff had not certified that he had given or attempted to give notice to the opposing party); *Whipple*, 2018 WL 1387066, at *10 (same).

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Thomas's motion for a preliminary and permanent injunction (Doc. No. 3) be DENIED WITHOUT PREJUDICE to refiling if appropriate in compliance with the federal and local rules.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of November, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge